UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALFRED ROSS WINGATE, D-1,

Defendant.

_____/

Case No.  11-20481-1

HONORABLE ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

## ORDER DENYING DEFENDANT WINGATE'S MOTION FOR JUDGEMENT OF ACQUITTAL OR THE ALTERNATIVE FOR A NEW TRIAL [172]

### Introduction

Before the Court is Defendant Wingate's Motion for Judgment of Acquittal or the Alternative for a New Trial [172]. Defendant moves for acquittal or for a new trial, following a conviction by jury of one count of conspiracy to commit bank robbery, pharmacy robbery, using or carrying a firearm during a federal crime of violence and felon in possession of a firearm, one count of bank robbery, two counts of pharmacy robbery, three counts of using or carrying a firearm during a federal crime of violence, and two counts of felon in possession of a firearm. For the reasons stated below, Defendant's Motion for Acquittal or for New Trial [172] is DENIED.

Beginning on March 11, 2013, a jury trial was held in which Defendant Wingate was tried for one count of conspiracy to commit bank robbery, pharmacy

robbery, using or carrying a firearm during a federal crime of violence and felon in possession of a firearm, one count of bank robbery, two counts of pharmacy robbery, three counts of using or carrying a firearm during a federal crime of violence, and two counts of felon in possession of a firearm. On March 21, 2013, the jury found Defendant guilty of all nine counts.

On April 5, 2013, Defendant Wingate filed the instant Motion for Judgment of Acquittal or the Alternative for a New Trial [172]. The Government filed its Response [176] on April 29, 2013.

## Motion for Judgement of Acquittal and Motion for New Trial

Federal Rule of Criminal Procedure 29(c)(2) permits a court to set aside a verdict of guilty and to enter a judgment of acquittal.  In doing so, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1978) (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)) (emphasis in original); *see also United States v. Conatser*, 514 F.3d 508, 518 (6th Cir. 2008).  If any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt, the motion must be denied.  "All reasonable inferences must be drawn in favor of the jury's verdict." *Conaster*, 514 F.3d at 518.  When evaluating the evidence in a Rule

29 motion, "the court must refrain from independently judging the credibility of witnesses or weight of the evidence." *United States v. Donaldson*, 52 F. App'x 700, 706 (6th Cir. 2002). "Circumstantial evidence may sustain a conviction so long as the totality of the evidence was substantial enough to establish guilty beyond a reasonable doubt." *Id.* (citing *United States v. Phibbs*, 999 F.2d 1053, 1064 (6th Cir. 1993)).

A defendant challenging the sufficiency of evidence under Rule 29, bears "a very heavy burden." *United States v. Prince*, 214 F.3d 740, 746 (6th Cir. 2000)(internal quotation marks and citations omitted). A judgement may be reversed based on insufficient evidence if, after viewing the record as a whole, the judgment is not supported by substantial and competent evidence. *Id.* (citations omitted).

Upon motion by a defendant, Federal Rule of Criminal Procedure 33(a) allows the Court to vacate a judgment and grant a new trial if "the interest of justice so requires." Fed. R. Crim. P. 33(a). "The defendant bears the burden of proving the need for a new trial." *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir. 1993)(citations omitted). "In general, motions for a new trial are disfavored and should be granted with caution." *United States v. Slater*, 258 Fed. Appx. 810, 816 (6th Cir. 2007)(citations omitted).

Defendant Wingate first argues that the Court must overturn the jury's guilty verdict as to the count of conspiracy to commit bank robbery, pharmacy robbery,

using or carrying a firearm during a federal crime of violence and felon in possession of a firearm, because there was insufficient evidence to show an agreement and mutual understanding amongst the co-conspirators, that Defendant Wingate had the required intent, and that Defendant was a "partner and/or an indirect partner of the conspiracy of/for any type of healthcare agency." Specifically, Defendant Wingate argues that the Government failed to provide evidence that Defendant willfully participated in the robberies at issue, other than the July 11, 2011 robbery of the Ferndale pharmacy.

Defendant's argument here fails because the Government "need not show that a defendant participated in all aspects of the conspiracy; it need only prove that the defendant was a party to the general conspiratorial agreement." *United States v. Avery*, 128 F.3d 966, 971 (6th Cir. 1997); *see also United States v. Hughes*, 895 F.2d 1135, 1140 (6th Cir. 1990)("A conspirator need not have agreed to commit every crime within the scope of the conspiracy, so long as it is reasonable to infer that each crime was intended to further the enterprise's affairs."). In this case, the Government presented the witness testimony of co-Defendant Leroy Loving implicating Defendant Wingate in the larger conspiracy, video evidence of Defendant Wingate at the scene of the May 18, 2011 bank robbery, evidence showing a similar method and similar participants used in each of the robberies, and evidence of Defendant Wingate's ongoing involvement in the conspiracy following his arrest. Viewing this evidence in

4

the light most favorable to the Government, there was a reasonable basis for the jury to infer a conspiracy. *See Hughes*, 895 F.2d at 11401-41; *see also United States v. Poulos*, 895 F.2d 1113, 1117 (6th Cir. 1990) ("...a common plan may be inferred from circumstantial evidence.") (internal quotation marks and citations omitted).

Defendant Wingate then argues that acquittal is required because of variance in the evidence presented at trial from the indictment. That is, Defendant argues that there is insufficient evidence tying him to a single conspiracy, and instead, the evidence presented revealed separate and multiple agreements with the co-Defendants.

> If an indictment alleges one conspiracy, but the evidence can reasonably be construed only as supporting a finding of multiple conspiracies, the resulting variance between the indictment and the proof is reversible error if the appellant can show that he was prejudiced thereby. In determining whether the evidence showed single or multiple conspiracies, we must bear in mind that the essence of the crime of conspiracy is agreement...However, the government is not required to prove an actual agreement among the various conspirators in order to establish a single conspiracy...Accordingly, a single conspiracy does not become multiple conspiracies simply because each member of the conspiracy did not know every other member, or because each member did not know of or become involved in all of the activities in furtherance of the conspiracy.

*United States v. Warner*, 690 F.2d 545, 548-549 (6th Cir. 1982) (citations omitted).

As Defendant Wingate notes, the Government in part argued that Defendant was at the center of the singular conspiracy. As such, evidence of an agreement amongst all other co-Defendants is not required. In this case, the jury was required to

determine whether a single conspiracy existed. The jury reached a verdict finding Defendant guilty, rejecting his argument that there were instead multiple agreements amongst the parties. Again, viewing all evidence in the light most favorable to the Government and drawing all reasonable inferences in favor of the jury's verdict, this Court finds that the jury has a reasonable basis for reaching this determination. *See Hughes*, 895 F.2d at 1140-41.

Finally, Defendant Wingate asserts that a new trial is required for the same reasons addressed by the Court above. Because no error was found, Defendant's request for a new trial is also without merit.

**Conclusion**

For the reasons stated above, **IT IS ORDERED** that Defendant Wingate's Motion for Judgment of Acquittal or the Alternative for a New Trial [172] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

Dated: August 27, 2013

6